IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

**CHRISTOPHER BURLESON, Individually**     **PLAINTIFF**
and on Behalf of All Others Similarly Situated

vs.     No. 1:22-cv-816

**PELHAM TRANSPORTATION CORPORATION**     **DEFENDANTS**
and **THEODORE DEJOURNETTE, JR.**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Christopher Burleson ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Janelle Cline of Cline Law Group, PLLC, and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against Defendants Pelham Transportation Corporation and Theodore Dejournette, Jr. (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime wages under the FLSA.

Page 1 of 11
Christopher Burleson, et al. v. Pelham Transportation Corporation, et al.
U.S.D.C. (M.D. N.C.) No. 1:22-cv-
Original Complaint—Collective Action

Case 1:22-cv-00816-LCB-JEP    Document 1    Filed 09/27/22    Page 1 of 11

## II. JURISDICTION AND VENUE

3. The United States District Court for the Middle District of North Carolina has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant is located in and does business in Rockingham County. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff is an individual and resident of Rockingham County.

6. Separate Defendant Pelham Transportation Corporation ("Pelham Transportation") is a domestic, for-profit corporation

7. Pelham Corporation's registered agent for service is Theodore Dejournette, Jr., at 114 West Morehead Street, Reidsville, North Carolina 27320.

8. Separate Defendant Theodore Dejournette, Jr. ("Dejournette"), is an individual and resident of North Carolina.

9. Defendants, in the ordinary course of business, maintain a website at http://pelhamtransportation.com/.

## IV. FACTUAL ALLEGATIONS

10. Dejournette is a principal, director, officer, and/or owner of Pelham Transportation.

11. Dejournette, in his role as an operating employer of Pelham Transportation, had the power to hire and fire Plaintiff, often exercised supervisory authority over Plaintiff's

Page 2 of 11
Christopher Burleson, et al. v. Pelham Transportation Corporation, et al.
U.S.D.C. (M.D. N.C.) No. 1:22-cv-
Original Complaint—Collective Action

Case 1:22-cv-00816-LCB-JEP   Document 1   Filed 09/27/22   Page 2 of 11

work, including the day-to-day job duties that Plaintiff's job entailed, determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

12. Dejournette took an active role in operating Pelham Transportation and in the management thereof.

13. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as vehicles and fuel.

14. Defendants' annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16. At all times material herein, Plaintiff has been classified by Defendant as nonexempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and has been paid an hourly rate.

17. Defendant employed Plaintiff as a Driver from May of 2019 until November of 2019, and as a Scheduler from November of 2019 until April of 2022.

18. Defendant also employed other Drivers within the three years preceding the filing of this lawsuit.

19. At all relevant times herein, Defendant directly hired Plaintiff and other Drivers to work on its behalf, paid him wages and benefits, controlled their work

Page 3 of 11
Christopher Burleson, et al. v. Pelham Transportation Corporation, et al.
U.S.D.C. (M.D. N.C.) No. 1:22-cv-
Original Complaint—Collective Action

Case 1:22-cv-00816-LCB-JEP   Document 1   Filed 09/27/22   Page 3 of 11

schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20. Per Defendant's instructions, Plaintiff and other Drivers tracked their hours via paper timesheet and turned them in at the end of each pay period.

21. Plaintiff and other Drivers were required to take a one-hour uncompensated lunch break, but during their lunch break Plaintiff and other Drivers were required to answer their phones, respond to client requests for pick up, and accept new driving assignments from Defendant.

22. Because Plaintiff and other Drivers were required to perform work during their lunch breaks, they worked hours which went uncompensated.

23. Defendant knew or should have known that Plaintiff and other Drivers were working hours which went uncompensated.

24. Plaintiff and other Drivers regularly or occasionally worked over 40 hours in a week while employed by Defendant.

25. When Plaintiff worked as a Scheduler, he was also required to take a one-hour uncompensated lunch break.

26. As a Scheduler, Plaintiff was required to answer phones during his lunch break.

27. As a Scheduler, Plaintiff therefore regularly worked through his lunch.

28. As a Scheduler, Plaintiff was disciplined if he did not clock out for his lunch hour.

29. As a Scheduler, Plaintiff was required to be "on call" from 5 pm until 8 am.

30. Plaintiff regularly fielded calls and responded to questions while on call.

Page 4 of 11
Christopher Burleson, et al. v. Pelham Transportation Corporation, et al.
U.S.D.C. (M.D. N.C.) No. 1:22-cv-
Original Complaint—Collective Action

Case 1:22-cv-00816-LCB-JEP   Document 1   Filed 09/27/22   Page 4 of 11

31. Plaintiff was not allowed to record the time he spent working while on call.

32. Plaintiff was generally allowed to record only 8 hours of work per day.

33. As a Scheduler, Plaintiff regularly worked hours over 40 in a week.

34. Defendant knew or should have known that Plaintiff was working over 40 hours in some weeks.

35. At all relevant times herein, Defendant has deprived Plaintiff and other Drivers of compensation for all hours worked, including an overtime premium of 1.5x his regular hourly rate for all hours worked over 40 each week.

36. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

37. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Regular wages and overtime premiums for all hours worked over forty hours in any week;

   B. Liquidated damages; and

   C. Attorney's fees and costs.

38. Plaintiff proposes the following collective under the FLSA:

   All Drivers within the past three years.

Page 5 of 11
Christopher Burleson, et al. v. Pelham Transportation Corporation, et al.
U.S.D.C. (M.D. N.C.) No. 1:22-cv-
Original Complaint—Collective Action

Case 1:22-cv-00816-LCB-JEP   Document 1   Filed 09/27/22   Page 5 of 11

39. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

40. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

41. The members of the proposed FLSA collective are similarly situated in that they share these traits:

   A. They had the same or substantially similar job duties and responsibilities;

   B. They were required to clock out for a lunch break;

   C. They were required to answer calls and otherwise perform work during their lunch break; and

   D. They worked hours over 40 in at least one week in which they also took an uncompensated lunch break.

   E. They were paid in tips;

42. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds twenty persons.

43. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

44. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

45. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

Page 6 of 11
Christopher Burleson, et al. v. Pelham Transportation Corporation, et al.
U.S.D.C. (M.D. N.C.) No. 1:22-cv-
Original Complaint—Collective Action

Case 1:22-cv-00816-LCB-JEP   Document 1   Filed 09/27/22   Page 6 of 11

## VI. FIRST CLAIM FOR RELIEF
(Individual Claim for Violation of the FLSA)

46. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

47. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

48. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

49. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

50. Defendant failed to pay Plaintiff for all hours worked.

51. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

52. Defendant knew or should have known that its actions violated the FLSA.

53. Defendant's conduct and practices, as described above, were willful.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

Page 7 of 11
Christopher Burleson, et al. v. Pelham Transportation Corporation, et al.
U.S.D.C. (M.D. N.C.) No. 1:22-cv-
Original Complaint—Collective Action

Case 1:22-cv-00816-LCB-JEP   Document 1   Filed 09/27/22   Page 7 of 11

55. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

56. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

57. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

58. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

59. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

60. Defendant classified Plaintiff and others similarly situated as nonexempt from the requirements of the FLSA.

61. Defendant failed to pay Plaintiff and others similarly situated for all hours worked.

Page 8 of 11
Christopher Burleson, et al. v. Pelham Transportation Corporation, et al.
U.S.D.C. (M.D. N.C.) No. 1:22-cv-
Original Complaint—Collective Action

Case 1:22-cv-00816-LCB-JEP   Document 1   Filed 09/27/22   Page 8 of 11

62. Defendant failed to pay Plaintiff and others similarly situated a sufficient overtime premium for all hours worked over forty each week.

63. Defendant knew or should have known that its actions violated the FLSA.

64. Defendant's conduct and practices, as described above, were willful.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and others similarly situated for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

66. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and others similarly situated are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

67. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and others similarly situated as provided by the FLSA, Plaintiff and others similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Christopher Burleson, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

Page 9 of 11
Christopher Burleson, et al. v. Pelham Transportation Corporation, et al.
U.S.D.C. (M.D. N.C.) No. 1:22-cv-
Original Complaint—Collective Action

Case 1:22-cv-00816-LCB-JEP   Document 1   Filed 09/27/22   Page 9 of 11

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiff and others similarly situated pursuant to the FLSA and its related regulations;

D. An order directing Defendant to pay Plaintiff and others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

**Page 10 of 11**
**Christopher Burleson, et al. v. Pelham Transportation Corporation, et al.**
**U.S.D.C. (M.D. N.C.) No. 1:22-cv-**
**Original Complaint—Collective Action**

Case 1:22-cv-00816-LCB-JEP   Document 1   Filed 09/27/22   Page 10 of 11

Respectfully submitted,

**CHRISTOPHER BURLESON,
Individually and on Behalf of All
Others Similarly Situated, PLAINTIFF**

<u>/s/ Janelle L. Cline</u>
North Carolina Bar Number: 56904
Local Counsel for Plaintiff
CLINE LAW GROUP, PLLC
6329 Oleander Drive
Wilmington, North Carolina 28403
Telephone: (910) 661-2012
Facsimile: (910) 338-0557
janelle.cline@clinelawgroupnc.com

<u>/s/ Joanie Harp</u>
Arkansas Bar Number 202086
Attorney for Plaintiff
*PHV Motion Pending*
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
joanie@sanfordlawfirm.com

<u>/s/ Josh Sanford</u>
Arkansas Bar Number 2001037
Lead Counsel for Plaintiff
*PHV Motion Pending*
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

**Page 11 of 11**
Christopher Burleson, et al. v. Pelham Transportation Corporation, et al.
U.S.D.C. (M.D. N.C.) No. 1:22-cv-
Original Complaint—Collective Action

Case 1:22-cv-00816-LCB-JEP   Document 1   Filed 09/27/22   Page 11 of 11