# SETTLEMENT AGREEMENT AND RELEASE

1. This Settlement Agreement and Release ("Agreement") is entered into by and between Christopher Burleson ("Named Plaintiff"), Keith Christopher, and Larry Wilkerson ("Opt-in Plaintiffs") (collectively, "Plaintiffs") on the one hand and Pelham Transportation Corporation, and Theodore Dejournette, Jr. (collectively, "Defendants") on the other. Plaintiffs and Defendants are jointly referred to herein as the "Parties."

2. <u>Statement of Pending Claims</u>. On September 27, 2022, Named Plaintiff filed the Civil Action, *Christopher Burleson, et al. v. Pelham Transportation Corporation, et al.,* No. 1:22-cv-816-LCB-JEP (the "Action") in the United States District Court for the Middle District of North Carolina (the "Court"). In the Action, Named Plaintiff claims that Defendants failed to pay Plaintiff his proper overtime amount due under the Fair Labor Standards Act ("FLSA"). The Parties jointly moved for Conditional Certification and Notice to Putative Collective Action Members on January 9, 2023 (the "Joint Motion"). On February 10, 2023, the Court granted the Joint Motion. Pursuant to the Court's Order, any Consent Form postmarked on or before the end of the opt-in period or transmitted to Plaintiff's counsel via e-mail on or before such date, would be deemed timely. The opt-in period ended April 8, 2023. Opt-in Plaintiff Wilkerson's Consent to Join was filed on September 29, 2022. Opt-in Plaintiff Christopher's Consent Form was post-marked on May 15, 2023. Defendants consented to Opt-in Plaintiff Christopher joining the Action despite his untimely Consent Form.

3. <u>Non-Admission</u>. This Agreement does not constitute an admission by any party to the Agreement that they have violated any federal, state, or local statute, law, ordinance, or regulation, and all Parties specifically deny any such violation occurred.

4. <u>Payments</u>. In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendants agree to pay Plaintiffs and Plaintiffs' counsel the total sum of **Twenty-Nine Thousand One Hundred Seventy-Four Dollars and Eighty-Eight Cents** ($29,174.88). The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, within twenty-one (21) days of the Court's approval of this Agreement, in the following amounts:

a. $11,500.00 made payable to Christopher Burleson, in the form of two checks. One check will be in the amount of $5,750.00 less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendants will issue an IRS Form W-2. The other check will be in the amount of $5,750.00, without withholdings, representing claimed liquidated damages, for which Defendants will issue an IRS Form 1099;

b. $5,174.88 made payable to Larry Wilkerson, in the form of two checks. One check will be in the amount of $2,587.44 less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendants will issue an IRS Form W-2. The other check will be in the amount of $2,587.44, without withholdings, representing claimed liquidated damages, for which Defendants will issue an IRS Form 1099;

c. $5,500.00 made payable to Keith Christopher, in the form of two checks. One check will be in the amount of $2,750.00 less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendants will issue an IRS Form W-2. The other check will be in the amount of $2,750.00, without withholdings, representing claimed liquidated damages, for which Defendants will issue an IRS Form 1099;

d. a check for $7,000.00 in settlement of any and all claims for attorneys' fees and costs, made payable to Sanford Law Firm, PLLC, for which Defendants will issue an IRS Form 1099.

Plaintiffs acknowledge that, but for the execution of this Agreement, they would not be entitled to receive this monetary consideration or other consideration provided for in this Agreement.

Plaintiffs shall pay any and all taxes, interest, or penalties determined by appropriate taxing authorities to be owed by them. Defendants shall be responsible for the employer's share of any tax liability on the wage payments amounts paid by them.

Plaintiffs further agree that the consideration stated herein fully compensates them for any and all alleged compensation, interest, damages, attorneys' fees, and costs, and that they neither seek nor are entitled to any further compensation, attorneys' fees, or relief. The Parties acknowledge the adequacy of consideration

- 2 -

Case 1:22-cv-00816-LCB-JEP    Document 35-1    Filed 10/16/23    Page 2 of 9

Doc ID: 644daddbb38f020f29e576d8b017b66db9872dab

provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

5. <u>Discharge of Loan Repayment Obligation</u>. In addition to the above amounts, Defendants release and discharge Named Plaintiff from any obligation to repay the loan with an outstanding balance of $3,000.00 executed in their benefit.

6. <u>Court Approval.</u> Plaintiffs shall file a motion for approval of the terms of this Agreement with the Court, attaching this Agreement as an exhibit thereto. Plaintiffs will provide a draft of the motion to counsel for Defendants and allow 5 business days for counsel to review, comment on, and approve the motion. Once approved and agreed upon, Defendants agree not to oppose such a motion. The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement.

7. <u>Dismissal of Claims with Prejudice</u>. After the Court has approved the settlement, within seven (7) days of receipt of the consideration set forth in Section 4, the Parties shall file a Stipulation of Dismissal with Prejudice with the Court, unless the Court has already entered an order dismissing the Action with prejudice.

8. <u>Release of Claims</u>. In exchange for the promises contained herein, Plaintiffs hereby fully, finally and forever release and discharge Defendants, its/their former and current directors, officers, owners, administrators, agents, attorneys, employees, representatives and assigns, personally and in their representative capacities, as well as its/their predecessors, successors, parent and subsidiary corporations, affiliates, and related entities (together "Releasees") from any and all claims, obligations, demands, actions, rights, charges, interests, debts, damages, costs, attorneys' fees and expenses, causes of action, or liabilities, whether known or unknown, arising on or before the date Plaintiffs sign this Agreement, against Defendants for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation, and relief arising from the alleged failure to properly pay such to Plaintiffs under the FLSA and the laws of any state, county, municipality, or other governmental subdivision of the United States or any state, including but not limited to, the State of North Carolina, regarding failure to pay minimum wages and/or overtime wages.

9. <u>Covenant Not to Sue</u>. Plaintiffs covenant not to sue any of the Releasees for any claim Plaintiffs release in this Agreement.

10. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between Plaintiffs and Defendants with respect to its subject matter and supersedes all other agreements between Plaintiffs and Defendants except for the Severance Agreement and General Release between Opt-In Plaintiff Wilkerson and Defendant Pelham Transportation Corporation.

11. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

12. <u>Choice of Law</u>. This Settlement Agreement and Release is to be interpreted pursuant to the laws of North Carolina, except where the application of federal law applies.

13. <u>Waiver</u>. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

14. <u>Severability</u>. The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

15. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiffs or counsel for Defendants shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

16. <u>Cooperation and Drafting</u>. The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

17. <u>Modification</u>. No modification, amendments, cancellation, deletion, addition, extension, or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by the Parties.

This Agreement constitutes a single, integrated written agreement containing the entire understanding between the Parties regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral.

18. <u>Voluntary and Knowing</u>. This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties thereto.

19. <u>Binding Agreement</u>. This Agreement shall be binding upon, and inure to the benefit of, the parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

**[Signature page follows]**

- 5 -

Case 1:22-cv-00816-LCB-JEP   Document 35-1   Filed 10/16/23   Page 5 of 9

Doc ID: 644daddbb38f020f29e576d8b017b66db9872dab

| PLAINTIFFS | DEFENDANTS |
|---|---|
| *Christopher Burleson* | _____ |
| _____ | **Pelham Transportation Corp.** |
| **Christopher Burleson** | |
| Date: 09 / 28 / 2023 | By (print): _____ |
| | Date: _____ |
| _____ | |
| **Larry Wilkerson** | |
| Date: _____ | _____ |
| | **Theodore Dejournette, Jr** |
| _____ | Date: _____ |
| **Keith Christopher** | |
| Date: _____ | |

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| _____ <br> **Christopher Burleson** | _____ <br> **Pelham Transportation Corp.** |
| Date: _____ | By (print): _____ |
| *Larry Wilkerson* (signature) <br> _____ <br> **Larry Wilkerson** | Date: _____ |
| Date: 09 / 28 / 2023 _____ | _____ <br> **Theodore Dejournette, Jr** |
| _____ <br> **Keith Christopher** | Date: _____ |
| Date: _____ | |

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| _____ <br> **Christopher Burleson** | _____ <br> **Pelham Transportation Corp.** |
| Date: _____ | By (print): _____ |
| _____ <br> **Larry Wilkerson** | Date: _____ |
| Date: _____ | _____ <br> **Theodore Dejournette, Jr** |
| *Keith Christoph* (signature) <br> _____ <br> **Keith Christopher** | Date: _____ |
| Date: 09 / 29 / 2023 _____ | |

| PLAINTIFFS | DEFENDANTS |
|---|---|
| | *[signature: Barbara DeJournette]* |
| _____ | _____ |
| **Christopher Burleson** | **Pelham Transportation Corp.** |
| | |
| Date: _____ | By (print) *Barbara DeJournette* |
| | |
| | Date: 10/10/2023 |
| _____ | |
| **Larry Wilkerson** | *[signature]* |
| | _____ |
| Date: _____ | **Theodore Dejournette, Jr** |
| | |
| _____ | Date: 10/10/2023 |
| **Keith Christopher** | |
| | |
| Date: _____ | |