IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHRISTOPHER BURLESON., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PELHAM TRANSPORTATION CORPORATION and THEODORE DEJOURNETTE, JR., <br><br> Defendants. | Case Number: 1:22-cv-00816 <br> Collective Action |

## BRIEF IN SUPPORT OF
## UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT

Christopher Burleson ("Named Plaintiff"), individually and on behalf of the Opt-In

Plaintiffs in this action (collectively, "Plaintiffs"), by and through his undersigned

attorneys, submits this Brief in Support of his Unopposed Motion for Approval of

Settlement Agreement.

### I.      INTRODUCTION

On September 27, 2022, Named Plaintiff filed a Complaint against Defendants

alleging violations of the Fair Labor Standards Act ("FLSA") in connection with his

previous employment as a driver and, then, as a scheduler. *See* ECF No. 1. Specifically,

Named Plaintiff claims that, during his time as a driver, he and other similarly situated

drivers were regularly required to perform work for Defendants during their lunch breaks

that went unrecorded and uncompensated, including proper overtime compensation for any

1

hours worked over 40 in each week. See *id.*, ¶¶ 20-24, 35. Named Plaintiff also claims that, during his time as a scheduler, he was regularly required to perform work for Defendants during his lunch break and while on call after business hours that went unrecorded and uncompensated, including proper overtime compensation for any hours worked over 40 in each week. See *id.*, ¶¶ 25-35.Larry Wilkerson filed his Consent to Join form on September 29, 2022. ECF No. 2-2. Defendants deny Named Plaintiff's claims and aver that he and others similarly situated were properly paid for all hours worked. *See* ECF No. 11.

On January 9, 2023, the parties filed a Joint Motion for Conditional Certification and Notice to Putative Collective Action Members seeking certification and distribution of Notice and Consent forms to a proposed collective class of: "all current and former drivers employed as full-time employees at Pelham Transportation Corporation at any time since September 27, 2019." ECF No. 19. After the ensuing opt-in period, Keith Christopher signed and returned a Consent Form, and the parties consented to inclusion of the late Consent in the Action. Keith Christopher has since filed his signed Consent form. *See* ECF No. 32.

Using information available to counsel for Plaintiffs and Defendants (the "Parties"), including timekeeping and payroll data produced during informal discovery, the Parties engaged in arms-length settlement negotiations based on competing estimates of damages. These negotiations were successful, and the Parties have reached a final settlement of this matter whereby Plaintiffs and their counsel will receive a total of $29,174.88. The Parties'

2

proposed Settlement Agreement and Release ("Agreement") for which Plaintiffs seek the Court's approval is attached to the Motion as Exhibit 1.

## II.    ANALYSIS

Although the Parties have reached a settlement, Court approval is required. Under the FLSA, there is a judicial prohibition against the unsupervised waiver or settlement of claims. *Ford v. Cardinal Innovations Healthcare Sols.*, No. 1:20-cv-736, 2022 U.S. Dist. LEXIS 35052, at *1 (M.D.N.C. Jan. 21, 2022) (citations omitted). Employees cannot waive their right to FLSA claims except for settlements either overseen by the Department of Labor or approved as a fair and reasonable resolution of a bona fide dispute by a district court. *Id.* at *1 & 2 (quoting *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 605 (E.D. Va. 1999).

While the Fourth Circuit has not directly addressed the relevant factors for determining whether a FLSA settlement is fair and reasonable, some district courts apply the following set of factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery.

*Hargrove v. Ryla Teleservs., Inc.*, No. 2:11-cv-344, 2013 U.S. Dist. LEXIS 63902, at *9 (E.D. Va. Apr. 12, 2013).

Here, a dispute exists between the Parties regarding the amount and nature of hours worked "off-the-clock" by Plaintiffs. It is Plaintiffs' position that they worked a significant

amount of hours which went uncompensated, including work over lunch breaks during which Plaintiffs were required to clock out, and on-call time during which Plaintiffs were restricted and unable to use for their own pursuits. Defendants' position is that Plaintiffs' claims are wholly baseless and that it properly paid Plaintiffs what they were owed based on their handwritten timesheets.

A review of the foregoing factors weighs in favor of approving the Agreement reached in this case:

a. **<u>Extent of Discovery.</u>** While no formal discovery has taken place, the Parties have exchanged informal discovery in the form of Defendants' provision of Plaintiffs' employment files including timekeeping records and payroll data. Using this information, the Parties were able to evaluate Plaintiffs' claims including the extent of claimed damages.

b. **<u>Stage of Proceedings.</u>** Plaintiffs' counsel has received relevant information necessary to develop an informed opinion on the case and the value of Plaintiffs' claims. The Parties have agreed to resolve this case without the potentially significant time and expense of further litigation. By entering into this settlement, Plaintiffs are not faced with the prospect of many months of delay for an unsure outcome.

c. **<u>Absence of Fraud or Collusion in the Settlement.</u>** "There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lomascolo v. Parsons Brinckerhoff, Inc.*, U.S.

Dist. LEXIS 89136, at *32 (E.D. Va. June 23, 2009). The Parties' respective counsel negotiated at arms-length, exchanging multiple proposed settlement terms consistent with their clients' wishes. There was no collusion between the Parties' counsel and both sides advocated zealously in pursuit of their clients' goals.

a.  **<u>Experience of Plaintiffs' Counsel.</u>** Plaintiffs' counsel is well-experienced in handling wage and hour claims in federal court. The Sanford Law Firm has litigated many similar cases and is well-equipped to evaluate the damages Plaintiffs may be entitled to recover if this matter were to be litigated through trial.

b.  **<u>Probability of Plaintiffs' Success on the Merits.</u>** Had this case gone to trial, Plaintiffs would have had the burden of proving the existence and extent of any hours worked "off-the-clock." Plaintiffs possess very little documentary evidence as to their hours worked and would have to rely on their own testimony. This testimony would likely have been subject to possible discounting factors of, among other things, Defendants' own testimony, any competing documentary evidence, or even simple disbelief in Plaintiffs' recalled worked hours by the trier of fact.

c.  **<u>Amount of the Settlement in Relation to the Potential Recovery.</u>** Under the terms of the settlement, Plaintiffs are receiving, at minimum, 100% of the lost wages they allege, not including possible liquidated damages. The

5

Parties' compromise as to liquidated damages is reasonable because, under

Defendants' theory of the case, Plaintiffs would have been entitled to

nothing. Even had Plaintiffs prevailed in proving the existence of hours

worked off-the-clock, their claimed hours stood a significant chance of

devaluation. In addition, liquidated damages were not assured in that

Defendants were prepared to argue that they engaged in good faith efforts to

follow the law.

The Parties have numerous reasons to settle this case. Defendants face significant

risk in an adverse judgment, with the added risk of being responsible for Plaintiffs' and

their own attorneys' fees, liquidated damages, and costs under the FLSA and state claims.

Plaintiffs risk a judgment in favor of Defendants or, even if they were to prevail on their

claims, a recovery lower than the total claimed damages, with the added detriment of the

delay in receiving any payment due to the time that would have been spent in further

litigation and any appeal. Given these compelling interests, the parties submit that the

Settlement Agreement is fair and reasonable, and that the Court should approve the same.

## III.   ATTORNEYS' FEES AND COSTS

The settlement agreement contemplates that Plaintiffs' counsel will receive

$7,000.00 for their fees and costs. This amount was negotiated as an amount separate from

Plaintiffs' liability damages.

To date, Plaintiffs' counsel has incurred over $16,000.00 in billed fees, with a

blended hourly rate of approximately $218.54. These fees were incurred during the course

of the matter, including initial fact investigation and Complaint drafting, to informal discovery, document review, and damages calculations, through the Court-approved Notice process, and finally settlement negotiations and finalization. Plaintiff's counsel has also expended $473.32 in costs associated with this matter, including $402.00 fee for filing the Complaint and $71.32 for postage and copies associated with the distribution of Notice and Consent forms.[1] Accordingly, Plaintiffs submit that $7,000.00 as set forth in the Settlement Agreement, at just 42.5% of Plaintiffs' counsel's current invoice, is a reasonable amount of attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully request that this Court approve the Agreement in this matter as fair and reasonable and issue an Order in the form of the Proposed Order, submitted contemporaneously herewith.

Date: October 16, 2023

CLINE LAW GROUP, PLLC

By:    /s/ *Jason D. Cline*
Jason L. Cline
North Carolina State Bar No. 56905
6329 Oleander Drive
Wilmington, North Carolina 28403
Telephone: (910) 661-2012
Email: jason@clinelawnc.com

---

[1] Upon request from the Court, Plaintiffs' counsel will provide their time entries recorded for this matter should the Court require this level of detail.

SANFORD LAW FIRM, PLLC

By:     /s/ *Josh Sanford*
Josh Sanford
Arkansas State Bar No. 2001037
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Email: josh@sanfordlawfirm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date below, a copy of the foregoing document was served on the parties named below in the manner indicated.

## BY ELECTRONIC SERVICE VIA CM/ECF

Kerry A. Shad
North Carolina State Bar No. 18410
Zebulon D. Anderson
North Carolina State Bar No. 20831
Shameka C. Rolla
North Carolina State Bar No. 56584
SMITH, ANDERSON, BLOUNT,
DORSETT, MITCHELL &
JERNIGAN, L.L.P.
Post Office Box 2611
Raleigh, North Carolina 27602-2611

*Attorneys for Defendants*

This the 16th day of October, 2023.

By:     /s/ *Josh Sanford*
        Josh Sanford

9